COURT OF APPEALS
DECISION
DATED AND FILED

February 26, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP260-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2021CF1031

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

PAUL D. HORNE,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Waukesha County: WILLIAM J. DOMINA, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Paul D. Horne appeals a judgment of conviction, entered following his no contest pleas, for fleeing an officer and felon in possession of a firearm.  He also appeals an order denying his motion for resentencing.  On appeal, Horne argues he is entitled to resentencing because the circuit court actually relied on an improper factor when imposing sentence.  We affirm.

## I. BACKGROUND

¶2    According to a criminal complaint, an officer observed a vehicle that was weaving within its lane and the next lane of traffic.  The officer stopped the vehicle, and Horne was driving.  When the officer made contact with Horne, Horne's eyes were bloodshot and glossy, his speech was slurred, and he smelled of intoxicants.  The officer also observed a gun under Horne's leg.  Horne denied having a gun.  When the officer asked Horne to move his leg over the gun, Horne drove away.

¶3    The officer pursued Horne and observed him throw an object out of the passenger window.  To stop Horne, police successfully performed a PIT maneuver, which entailed striking Horne's vehicle with the police vehicle.  Horne was arrested and eventually submitted to an intoximeter test that indicated a result of 0.12 grams of alcohol per 210 liters of breath.  Police recovered a loaded handgun near where Horne threw an object out of the vehicle during the pursuit.  They also found a gun magazine in the center console of Horne's vehicle and a bottle of liquor under the driver's seat.  The State charged Horne with fleeing an officer, misdemeanor bail jumping, possession of a firearm while intoxicated, and possession of a firearm by a felon.

¶4    Horne pled no contest to fleeing and possession of a firearm by a felon.  At sentencing, Horne's trial counsel explained Horne's version of the

2

underlying incident. He said Horne had been in Madison with friends, one friend

had been in Horne's vehicle, and that friend left his firearm in Horne's vehicle.

> On the way back, [Horne] realized that the firearm was in the vehicle. As a result of that, he actually contacted his friend and was trying to contact him and say hey, we got to make sure you get this back, I don't want to be -- and this isn't mine, I don't want it. But in the meantime, he gets stopped, right, and [the assistant district attorney] I think very accurately described the traffic stop.

> He was relatively cooperative at first and then when the trooper saw the firearm, he lifted his leg and the trooper says he confirmed it was a firearm and this is where that history of negative interaction with law enforcement, that history of having been scared of interacting with the police, what was he supposed to do right then and there. And that's a question that I don't know how I can answer. What would I do if I were in that scenario? I can't answer that question.

> If I were in that circumstance, knowing that it would have been illegal to be in possession of a firearm, but knowing that it's in there and he found it and he realized that while he was driving, he certainly can't reach for it and I think that that's clear. He can't reach for it and say here it is, right, in fact, he was instructed not to reach for it. If he does that, he's probably going to be shot and killed.

> In that moment knowing that the -- he was essentially paralyzed by fear and the trooper when he's giving commands put his hand on his own firearm because he's got to be prepared for his own protection, I understand the reasoning behind that, caused a panic for Mr. Horne.…

> Given his negative interactions with law enforcement, given the panic and fear and honestly some of the climate of the times in reality, this is timeframe of day, it's dark out on the highway, his panic instincts, he drove off. Obviously, that's not the right decision.

¶5 Later, during sentencing, when the circuit court was discussing the

seriousness of the offense—specifically, the fact that Horne threw a loaded gun out

of the window, Horne interrupted the court. The court responded, in part:

> Sir, part of your problem, frankly, is I don't think you accept responsibility because you're not here today, not fully. You

> got to stop making excuses for yourself. See, you're the one who on July 21st of 2021 was the convicted felon, that means you can't come anywhere near a firearm. And there are also always options available to people the minute you realize that gun was in the car, you should have pulled over, stopped driving, and if you can't get someone there to pick it up, you put it in the trunk, you make sure it's unloaded, and you leave it be. You don't put it under your leg as you're being stopped by police. That was a recipe for a disaster whether you have the history that you have with police or not, that's a recipe for disaster. And thankfully, you are here today to take responsibility and accountability for violating the law.

After further comments on the offense, the need to protect the public, and Horne's character, the court sentenced Horne to prison.

¶6      Horne moved for resentencing on the basis that the court actually relied on an improper factor when sentencing him. He emphasized the court's statement during sentencing: "[T]here are also always options available to people the minute you realize that a gun was in the car, you should have pulled over, stopped driving, and if you can't get someone there to pick it up, you put it in the trunk, you make sure it's unloaded, and you leave it be." He argued that, contrary to the court's statement, there were no "options available" to him to avoid the felon-in-possession-of-a-firearm charge. He also argued that "[t]he court considered that these options available to Mr. Horne would have been mitigating factors to the possession of a firearm by a felon charge and that Mr. Horne not doing these things was aggravating to the offense." Horne argued that, "[b]ecause the court considered Mr. Horne's failure to further break the law by further handling the firearm as an aggravating factor, the court based Mr. Horne's sentence upon a misinterpretation of the law."

¶7      At the postconviction hearing, the circuit court (a different judge presiding) denied the motion. The court explained:

4

But I didn't take [the sentencing court's] comments that way. It's true she used the word possession. I took it in the context of the issue that was related to I didn't know this gun was there and suddenly was there. And she was commenting on the defendant's decision to abscond and to throw it out the window as opposed to do other things to it. I took her recitation and statements to the defendant as an explanation of a fact that she thought was aggravating. I think the most aggravating comment -- fact that the Court, sentencing Court identified was the defendant's prior record. I think she was clearly recognizing that that was a problem for her as the sentencing judge.

But I also think she thought that the defendant's factual conduct didn't make the situation safer or better. And that was -- those were facts, which she believes were presented that were not helpful to the defendant. In that context her comments were made and it's in that context that I believe that she properly considered aggravating and mitigating facts. And, therefore, I conclude that she properly sentenced the defendant.

## II. DISCUSSION

¶8      On appeal, Horne renews his argument that he is entitled to resentencing because the circuit court relied on an improper factor when sentencing him. "We review a circuit court's sentencing decision for an erroneous exercise of discretion." *State v. Dodson*, 2022 WI 5, ¶8, 400 Wis. 2d 313, 969 N.W.2d 225. "A circuit court erroneously exercises its sentencing discretion when it 'actually relies on clearly irrelevant or improper factors.'" *Id.* (citation omitted). "[A] defendant challenging his or her sentence must prove by clear and convincing evidence that: (1) the challenged factor is irrelevant or improper; and (2) the circuit court actually relied on that factor." *Id.*

¶9      We conclude the circuit court did not erroneously exercise its sentencing discretion by actually relying on an improper factor. It is apparent that the court was responding to Horne's sentencing argument about not knowing what to do once he discovered he was in illegal possession of the gun. The court was

simply noting that Horne could have acted in a number of different—and safer—ways after he discovered he illegally possessed a firearm. Instead, once Horne discovered he illegally possessed a firearm, he chose to hide the gun under his leg while interacting with the officer. Then, when the officer saw the gun, Horne chose to drive away from the officer, while impaired. While fleeing, Horne chose to throw a loaded gun out of his car window. Horne also chose to continue fleeing until officers successfully disabled his vehicle. As a whole, the court's comments relate to the seriousness of the offense, Horne's character and his choices, and the need to protect the public. *See **Dodson***, 400 Wis. 2d 313, ¶9 (Primary sentencing factors include gravity of the offense, the defendant's character, and the need to protect the public.). The court did not err when sentencing Horne.

> *By the Court.*—Judgment and order affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2023-24).